**Bates Holdings II LLC v ZB Prospect Realty, LLC**

2024 NY Slip Op 33871(U)

October 29, 2024

Supreme Court, Kings County

Docket Number: Index No. 509047/2024

Judge: Leon Ruchelsman

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS : CIVIL TERM: COMMERCIAL 8
------------------------------------------x
BATES HOLDINGS II LLC, acting by and through
its servicer Field Point Servicing, LLC,

                              Plaintiff,          Decision and order

                                                 Index No. 509047/2024

          - against -

ZB PROSPECT REALTY, LLC, ZALMEN
BIEDERMAN, CITY OF NEW YORK
ENVIRONMENTAL CONTROL BOARD, NEW
YORK CITY DEPARTMENT OF FINANCE, NEW
YORK STATE DEPARTMENT OF TAXATION
AND FINANCE, U.S. SMALL BUSINESS
ADMINISTRATION, and "JOHN DOE #1" through
"JOHN DOE #12," the last twelve names being
fictitious and unknown to the Plaintiff, the
persons or parties, if any, having or claiming
an interest in or lien upon the premises,
described in the Complaint,
                              Defendants,        October 29, 2024
------------------------------------------x
PRESENT: HON. LEON RUCHELSMAN                    Motion Seq. #1 & #2


        The plaintiff seeks the appointment of a receiver pursuant

to RPL §254(10). The defendants have cross-moved seeking to

dismiss the complaint on the grounds there has been no compliance

with RPALPL §1303(1)(b). The motions have been opposed

respectively. Papers were submitted by the parties and arguments

held. After reviewing all the arguments this court now makes the

following determination.

        On November 21, 2019 the defendants executed a mortgage and

accompanying agreements in the amount of $8,250,000. The

mortgage and note were assigned to the plaintiff on October 4,

2021. The mortgage and note concerned property located at 846

[* 1]

1 of 4

Prospect Place in Kings County. The plaintiff alleges a default occurred when the defendants failed to make any payments in October 2020. Although some payments were made after that date following an attempt to globally resolve the outstanding debts, as of the filing of the summons and complaint the defendants owed $7,481,592.58 plus interest, late charges and other fees.

The plaintiff has moved seeking the appointment of a receiver both pursuant to statute and pursuant to the agreements between the parties. The plaintiff asserts the defendants are collecting rents and have failed to pay the mortgage as noted. The request for a receiver is opposed on the grounds the lawsuit must be dismissed because the plaintiff failed to properly serve the defendants pursuant to RPAPL §1303(1)(b). As noted, the motions are opposed.

## Conclusions of Law

Pursuant to RPAPL §1303 any party foreclosing upon a mortgage on residential property must serve a notice entitled "Notice to Tenants of Buildings in Foreclosure" to all tenant of the property. Pursuant to RPAPL §1303(4) concerning buildings with more than five dwelling units the notice must be conspicuously posted at every entrance and exit of the building. In this case the process server submitted an affirmation which stated that he posted the requisite notice on the "east

2

[* 2]

entrance and exit of building at 846 Prospect Place" (see, Affidavit of Tyiem Ramello Pinder, dated April 10, 2024 [NYSCEF Doc. No. 48]). The defendants assert and it is undisputed that 846 Prospect Place has another entrance. Thus, the defendants contend there was a failure to strictly comply with RPAPL §1303. Following the submission of the cross-motion to dismiss the plaintiff submitted a supplemental affidavit from the process server that asserts in addition to the service of the notice as indicated the notice was also served on the side entrance (see, Affidavit of Tyiem Ramello Pinder, dated August 2, 2024 [NYSCEF Doc. No. 93]).

It is true that generally a process server's affidavit provides prima facie evidence of proper service (Household Finance Realty Corp., of New York v. Brown, 13 AD3d 340, 785 NYS2d 742 [2d Dept., 2004]). Although the first affidavit of the process server did not mention all locations where the notice was posted the supplemental affidavit explained that the notice was posted at all entrances in full compliance with the statute. There has been no evidence presented questioning the veracity of the process server or why a hearing regarding service is required. Therefore, the cross motion seeking to dismiss the complaint is denied.

Concerning the plaintiff's motion seeking the appointment of a receiver, such motion is granted for the same reasoning

3

[*3]

outlined in prior decisions concerning the same parties.

Lastly, the defendants request to compel the plaintiff to accept the defendant's answer is granted. Considering the facts of this case no default is appropriate.

So ordered.

ENTER:

DATED: October 29, 2024
      Brooklyn N.Y.

Hon. Leon Ruchelsman
JSC